UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:17-cr-00287-2 |
| : | |
| LUIS FRANCISCO ACOSTA-REYES : | |

**O P I N I O N**
Defendant's Motion for Sentence Reduction, ECF No. 67 – Denied

**Joseph F. Leeson, Jr.**                                                                                                      **August 26, 2024**
**United States District Judge**

### I.     INTRODUCTION

Defendant Luis Francisco Acosta-Reyes filed a *pro se* motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, arguing that he is a zero-point offender eligible for a two-level offense level reduction. *See* Mot., ECF No. 67. However, Acosta-Reyes is not eligible for relief under this amendment, due to the applicable statutory mandatory minimum, and his motion is therefore denied.

### II.    BACKGROUND

Acosta-Reyes, along with a co-defendant, was charged by grand jury indictment with conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(l), and (b)(l)(A), and possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(A). Indict., ECF No. 1. Acosta pled guilty to both counts before this Court. *See* Plea Doc., ECF No. 35. At his sentencing hearing, this Court calculated Acosta-Reyes's total offense level to be 31 and, in the absence of any prior criminal

record, his criminal history score to be zero, resulting in a criminal history category of one. Based on these calculations, the applicable sentencing guideline range would have been 108 to 135 months.  *See* U.S.S.G. ch. 5, pt. A (sentencing table).  However, based on the amount of heroin, Acosta-Reyes was subject to a statutory mandatory minimum sentence of ten years (i.e. 120 months).  *See* 21 U.S.C. § 841(b)(1)(A) ("In the case of a violation of subsection (a) of this section involving . . . [one] kilogram or more of a mixture or substance containing a detectable amount of heroin . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years[.]").  The effective sentencing guideline range was therefore 120 to 135 months.  The Court ultimately sentenced Acosta-Reyes to the statutory minimum term of 120 months on each count, to run concurrently.  Jdgmnt., ECF No. 48.

Acosta-Reyes filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and based on Amendment 821 to the Sentencing Guidelines.  *See* Mot.  The Government filed a response in opposition.  Resp., ECF No. 69.  The motion is now ready to be decided.

### III.  LEGAL STANDARDS – Sentence Reduction Pursuant to Amendment 821 to the Sentencing Guidelines

"A district court generally may not modify a term of imprisonment after it has been imposed, but it may do so when the adopted sentencing range has been lowered by the Sentencing Commission after the sentence is final and the Commission makes the Sentencing Guideline amendment retroactive."  *United States v. Zavala*, No. 02-173, 2024 U.S. Dist. LEXIS 133979, at *4 (E.D. Pa. July 30, 2024) (citing 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 821 (2010)).  When modifying a term of imprisonment, the district court should consider the applicable § 3553(a) factors, as well as ensure that the "'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Aument*,

No. 24-1329, 2024 U.S. App. LEXIS 19883, at *2 (3d Cir. Aug. 8, 2024) (quoting 18 U.S.C. § 3582(c)(2)).

Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023[1] and applies retroactively, see U.S.S.G. § 1B1.10(a)(1), (d), cmt. 7, provides "a two-level reduction available for 'Zero-Point Offenders' that meet certain criteria enumerated in U.S.S.G. § 4C1.1." See Aument, 2024 U.S. App. LEXIS 19883, at *2. Under this amendment, a defendant qualifies for a reduction as a zero-point offender if

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

---

[1] See U.S. Sentencing Comm'n, Amendment 821, available at https://www.ussc.gov/guidelines/amendment/821.

*See* U.S.S.G. § 4C1.1.

## IV. DISCUSSION

Here, the Government concedes, and the Court agrees, that application of the zero-point amendment reduces Acosta-Reyes's offense level to 29 and his sentencing guideline range to 87 to 108 months. *See* Resp. at 7 (adopting ECF pagination). *See also* U.S.S.G. ch. 5, pt. A (sentencing table). However, as the Government also points out, Acosta-Reyes is nevertheless ineligible for sentence reduction because he remains subject to the statutory mandatory minimum sentence of 120 months. *See* Resp. at 7. *See also* 21 U.S.C. § 841(b)(1)(A). This statutory mandatory minimum effectively becomes Acosta-Reyes's guideline sentence.[2] *See* U.S.S.G. 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Consistent with the sentencing guidelines' applicable policy statements, a defendant's sentence remains unaffected by a retroactive amendment to the guidelines when a statutory mandatory minimum sentence applies that is above the guideline range. *See United States v. Doe*, 564 F.3d 305, 311-12 (3d Cir. 2009); U.S.S.G. § 1B1.10 cmt. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*). (emphasis added)). Therefore, the Court cannot reduce Acosta-Reyes's sentence below the 120 months he was given, because his sentence reflects the statutory mandatory minimum sentence.

---

[2] The effective guideline range is reduced to 120 to 120 months.

V.      CONCLUSION

Due to his statutory mandatory minimum sentence, Acosta-Reyes is ineligible for relief under Amendment 821 and his motion for a sentence reduction is denied. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*   
JOSEPH F. LEESON, JR.  
United States District Judge